**Per F. LARSEN d/b/a The Dinghy Place, Plaintiff,**

v.

**Ray–Edward ORTEGA d/b/a The Dinghy Dock, Defendant.**

**Civ. No. N–89–302 (WWE).**

United States District Court, D. Connecticut.

April 4, 1991.

Robert H. Montgomery, Robert H. Montgomery, P.C., New Haven, Conn., for plaintiff.

Charles Graham, Annunziata and Grillo, P.C., New Haven, Conn., for defendant.

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO STRIKE

EGINTON, District Judge.

Plaintiff, Per F. Larsen d/b/a THE DINGHY PLACE, commenced this action against defendant, Ray–Edward Ortega d/b/a THE DINGHY DOCK, alleging that defendant willfully copied plaintiff's service mark, trademark and trade name, and engaged in unfair competition and trade practices. Plaintiff has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), asserting that no issue of genuine fact exists. Defendant has filed a motion to strike portions of plaintiff's affidavits filed in support of his motion for summary judgment. For the reasons set forth below plaintiff's motion for summary judgment will be denied, thereby rendering moot defendant's motion to strike.

### DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *American Int'l Group, Inc. v. London American Int'l Group,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). A thorough review of the documents demonstrates that genuine issues of material fact exist. One such issue involves plaintiff's claim that there is likelihood of confusion between the businesses of the parties. Determination of this issue requires analysis of six factors: (1) the strength of plaintiff's trademark; (2) the degree of similarity between plain-

tiff's and defendant's trademarks; (3) the proximity of the products; (4) actual confusion; (5) defendant's intent; and (6) the sophistication of the typical buyer. *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir.1961), *cert. denied*, 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961). Each of these factors is inherently a question of fact. Moreover, each is material to this dispute. Accordingly, plaintiff's motion for summary judgment is DENIED. Denial of plaintiff's motion for summary judgment renders moot defendant's motion to strike portions of plaintiff's affidavits filed in support of his summary judgment motion.